## No. X.

### H. H. WILLIAMS & CO. v. GAIL BORDEN, COLLECTOR.

*Appeal from Galveston County.*

HEMPHILL, CHIEF JUSTICE.—The questions arising in this cause are novel in their character, involve interests of immense magnitude, and affect deeply the energies and operations of the government itself. We have experienced considerable difficulty in forming an opinion, and have hesitated long in its expression. Owing to the intrinsic difficulties presented for our solution, to the shortness of the period elapsing since we have received the additional argument, to the enfeebled condition of the health of several of the judges, and other like circumstances, we will be unable to deliver an opinion containing at length and in detail the reasoning in support of the conclusions to which we have arrived. In the meantime considerations of public interest, forcible in their character, urge us to state these conclusions and generally some of the grounds on which they are based.

We are of opinion, then, that the court below did not err in sustaining the demurrer of the defendant.

The correctness of the judgment is founded on the constitutionality of the act "To regulate the collection of impost duties," approved July 23, 1842. We have examined the provision of the act complained of by the appellant, and do not regard it as in conflict with the Constitution. This opinion is founded on a due consideration of the various grants of power by which Congress is authorized "to levy and collect taxes and imposts, excise and tonnage duties; to regulate commerce, coin money, and regulate the value thereof;" and also on the general authority of Congress "to pass all laws which may be necessary and proper to carry into effect the express grants of power." The statutory provision complained of does not, it seems to us, transcend the limits which are proper for the exercise of the foregoing powers; and it is also sustained and supported, as being within the scope of the attributes of sovereignty which is vested in this as in other independent governments.

For these and other reasons which will hereafter be set forth at length, we are of opinion that the judgment of the court below should be sustained, and it is ordered and adjudged accordingly.

*Affirmed.*

Judge William J. Jones dissenting.

any time before case is dismissed. Cooke v. Beasley, 1 T., 591; Rhodes v. Phillips, 2 T., 162; Hayes v. Cage, 2 T., 501; Cooke v. Ross, 46 T., 263; Bateman v. Maddox, 86 T., 553; Posey v. Aiken, 17 T. C. A., 44. After rule has been complied with, plaintiff can not be ruled for additional security without notice and affirmative proof that the security given is insufficient. Houston v. Roberts, 10 T., 348; Holshousen v. Hollingsworth, 32 T., 86. When defective new bond may be given, if no notice is taken of the defect for several terms, court may disregard motion to dismiss. Herndon v. Rice, 21 T., 455. Case dismissed for failure to comply with rule should be reinstated upon a